E-FILED
Wednesday, 03 July, 2019 05:58:45 PM
Clerk, U.S. District Court, ILCD

JUL - 3 2019

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

*IN THE UNITED STATES DISTRICT COURT*

*ELEVENTH DISTRICT:*

*TRACEY GRAGG IN BEHALF OF MICHEAL GRAGG)*

*PLAINTIFF,*                                                        )

*-VS-*                                          ) *CASE NO.:* 19-CV-3166

*ILLINOIS HUMANE*                               )

*COUNT I: SLANDER PER SE,*

*COUNT II: LIBEL,*

*COUNT III: THEFT,*

*COUNT IIII: ADA SEEING EYE VIOLATION,*

*COUNT V: EXTREME EMOTIONAL & PHYSICAL CRUELTY TO A VERY SICK MAN WITH RENAL FAILURE FROM SICKLE CELL ANEMIA, THAT'S CURRENTLY IN THE HOSPITAL @ ST. JOHN'S HOSPITAL,*

*COUNT VI: HOMELESS TARGETING,*

1. *THAT PLAINTIFF'S ARE HOMELESS & THERE MAILING ADDRESS IS: 1023 E. WASHINGTON STREET, SPRINGFIELD, IL. 62703,*
2. *THAT DEFENDANT'S ADDRESS IS: UNKNOWN IT LISTS APL ON TAINTOR ROAD WHICH IL HUMANE IS NOT ANIMAL PROTECTIVE LEAGUE, THERE HEADQUARTERS ADDRESS IS: 423 N. KAYS NORMAL, IL. 61761,*
3. *THAT DEFENDANT'S NAME IS: HUMANE SOCIETY OF CENTRAL IL.*
4. *THAT IN JUNE 2019 DEFENDANTS CAME WITH SPRINGFIELD POLICE DEPARTMENT TO MCDONALDS ON SOUTH GRAND & 5TH &*

*SOUTH GRAND, & STOLE A COLLIE NAMED LASSIE, FROM PLAINTIFF MICHEAL GRAGG, AFTER USING ANIMAL CRUELTY AT 1ST LYING WHICH DEFENDANTS HAD NO KNOWLEDGE TO THAT BECAUSE IT NEVER HAPPENED THEN DEFENDANTS USED THE DOG DIDN'T HAVE HIS SHOTS, WHICH WHEN PLAINTIFF STATED HE DID & THAT HE HAD AN APPT. JUNE 25TH TO GO GET HIS 3RD ROUND OF SHOTS DEFENDANTS CALLED HIM A LIAR & SAID HOW CAN HE HAVE A SEEING EYE DOG BECAUSE HE'S HOMELESS, & WRESTLED PLAINTIFF DOWN, STEALING HIS DOG, LEAVING HIM VULNERABLE TO BEING HIT BY A CAR, THAT DEFENDANTS TOLD PLAINTIFF THAT IF HE CAN GET PROOF OF SHOTS THAT HIS DOG WOULD BE RETURNED THEN LIED & FILED CASE NO.: 19CM590 @ SANGAMON COUNTY FILED ON JUNE 22, 2019 THAT THE HEARING IS SET FOR JULY 10, 2019 A COPY OF WHICH WILL BE FURNISHED.*

5. *THAT DEFENDANT'S CLAIMED TO HAVE PROOF OF ABUSE TO DOG BUT DON'T BECAUSE THERE IS NONE, WHICH IS WHY WE'RE SUING FOR SLANDER THAT WE HAVE WITNESSES FROM THAT DAY TO SEE THIS & CAN & WILL TESTIFY THAT MICHEAL NEVER ABUSED HIS ANIMALS MAKING THIS AN EXTREMELY SLANDEROUS STATEMENT, THE REASON WERE FILING THIS AS COUNT I: SLANDER PER SE, SLANDER PER SE IS A STATEMENT THAT IS FALSE AND WILL HURT & INJURE THE PERSON THE STATEMENT WAS DIRECTED & THIS HAS & WILL NOW PLAINTIFF'S IN THE HOSPITAL BECAUSE OF THIS VERY REASON, HAS BEEN FOR ALMOST 2 WEEKS, BECAUSE OF DEFENDANT'S SLANDER.*

The tort of defamation refers to a false statement, either spoken ("**slander**") or written ("**libel**") that injures someone's reputation. However, some types of false statements are considered so damaging that they are deemed defamatory on their face ("defamation **per se**").

**6. *LISTED UP ABOVE IS THE MEANING OF SLANDER/LIBEL.*** Slander is a spoken false statement about you. If a false statement is made about you by an individual, or a radio, television, or podcast announcer, the statement may be *slanderous.*

*IF SOMEONE SLANDERS SOMEONE & THEY FILE SUIT, THERE IS NO CAP THEY CAN SUE FOR MILLIONS OF DOLLARS ANYTIME THERE'S NO SPECIFIC TIME THEY CAN SUE, IF IT'S CRIMINAL SUCH AS THIS THEY CAN GO TO JAIL FOR CONTEMPT, & HAVE TO PAY COURT FEES, SINCE THIS IS NOW IN COURT IT QUALIFIES AS CRIMINAL BECAUSE IT'S SLANDER & DEFENDANT'S FILED SUIT,* . . . 110, par. 2-103) Sec. 2-103. Public corporations - Local actions - **Libel Libel** - Insurance companies . (a) Actions must be brought against a public, . . HB0164 101st General AssemblyHB2280 101st General Assembly   Bill Status
*Terms found:* **libel** (1)
. . . freely, being responsible for the abuse of that liberty. In trials for **libel**, both civil and criminal, the truth, when published with good motives and . . .

**3.** SB1438 101st General Assembly   Bill Status
*Terms found:* **libel** (3)
. . . Ch. 110, par. 2-103) Sec. 2-103. Public corporations - Local actions - **Libel** - SB1438 - 4 - LRB101 06114 LNS 51135 b Insurance companies . (a) Actions . . .

**7. *IT'S ILLEGAL TO SLANDER SOMEONE WHICH DEFENDANT'S CLEARLY DID & PROOF WILL BE FILED WITH THIS.***

**8. *SLANDER ALSO COUNTS AS LIBEL & ILCS IS ABOVE THAT DEAL WITH SLANDER PER SE/LIBEL. IT CAN & IN THIS CASE IS CRIMINAL.***

*THAT DEFENDANT'S COMMITED THEFT OF A SERVICE ANIMAL BECAUSE LASSIE WAS BEING USED AS A GUIDE DOG FOR MY BLIND HUSBAND THAT HAS KIDNEY FAILURE FROM SICKLE CELL, & IS BLIND & THE DOG WAS BEING USED AN ADA GUIDE DOG & PROTECTED BY THE FEDERAL GOVERNMENT THE REASON THIS CASE HAS TO BE FILED IN CENTRAL DISTRICT COURT MAKING THIS A PROPER JURISDICTION FOR THIS CASE.*

(720 ILCS 5/16-1) (from Ch. 38, par. 16-1)

Sec. 16-1. Theft.
(a) A person commits theft when he or she knowingly:
    (1) Obtains or exerts unauthorized control over
property of the owner; or
    (2) Obtains by deception control over property of the
owner; or
    (3) Obtains by threat control over property of the
owner; or
    (4) Obtains control over stolen property knowing the
property to have been stolen or under such circumstances
as would reasonably induce him or her to believe that the
property was stolen; or
    (5) Obtains or exerts control over property in the
custody of any law enforcement agency which any law
enforcement officer or any individual acting in behalf of
a law enforcement agency explicitly represents to the
person as being stolen or represents to the person such
circumstances as would reasonably induce the person to
believe that the property was stolen, and
        (A) Intends to deprive the owner permanently of
    the use or benefit of the property; or
        (B) Knowingly uses, conceals or abandons the
    property in such manner as to deprive the owner
    permanently of such use or benefit; or
        (C) Uses, conceals, or abandons the property
    knowing such use, concealment or abandonment probably
    will deprive the owner permanently of such use or
    benefit.
(b) Sentence.
    (1) Theft of property not from the person and not
exceeding $500 in value is a Class A misdemeanor.
    (1.1) Theft of property not from the person and not
exceeding $500 in value is a Class 4 felony if the theft
was committed in a school or place of worship or if the
theft was of governmental property.
    (2) A person who has been convicted of theft of
property not from the person and not exceeding $500 in
value who has been previously convicted of any type of
theft, robbery, armed robbery, burglary, residential
burglary, possession of burglary tools, home invasion,
forgery, a violation of Section 4-103, 4-103.1, 4-103.2,
or 4-103.3 of the Illinois Vehicle Code relating to the
possession of a stolen or converted motor vehicle, or a
violation of Section 17-36 of the Criminal Code of 1961 or
the Criminal Code of 2012, or Section 8 of the Illinois
Credit Card and Debit Card Act is guilty of a Class 4
felony.
    (3) (Blank).
    (4) Theft of property from the person not exceeding
$500 in value, or theft of property exceeding $500 and not
exceeding $10,000 in value, is a Class 3 felony.
    (4.1) Theft of property from the person not exceeding
$500 in value, or theft of property exceeding $500 and not
exceeding $10,000 in value, is a Class 2 felony if the
theft was committed in a school or place of worship or if
the theft was of governmental property.
    (5) Theft of property exceeding $10,000 and not

exceeding $100,000 in value is a Class 2 felony.
(5.1) Theft of property exceeding $10,000 and not
exceeding $100,000 in value is a Class 1 felony if the
theft was committed in a school or place of worship or if
the theft was of governmental property.
(6) Theft of property exceeding $100,000 and not
exceeding $500,000 in value is a Class 1 felony.
(6.1) Theft of property exceeding $100,000 in value
is a Class X felony if the theft was committed in a school
or place of worship or if the theft was of governmental
property.
(6.2) Theft of property exceeding $500,000 and not
exceeding $1,000,000 in value is a Class 1 non-
probationable felony.
(6.3) Theft of property exceeding $1,000,000 in value
is a Class X felony.
(7) Theft by deception, as described by paragraph (2)
of subsection (a) of this Section, in which the offender
obtained money or property valued at $5,000 or more from a
victim 60 years of age or older is a Class 2 felony.
(8) Theft by deception, as described by paragraph
(2) of subsection (a) of this Section, in which the
offender falsely poses as a landlord or agent or employee
of the landlord and obtains a rent payment or a security
deposit from a tenant is a Class 3 felony if the rent
payment or security deposit obtained does not exceed $500.
(9) Theft by deception, as described by paragraph
(2) of subsection (a) of this Section, in which the
offender falsely poses as a landlord or agent or employee
of the landlord and obtains a rent payment or a security
deposit from a tenant is a Class 2 felony if the rent
payment or security deposit obtained exceeds $500 and does
not exceed $10,000.
(10) Theft by deception, as described by paragraph
(2) of subsection (a) of this Section, in which the
offender falsely poses as a landlord or agent or employee
of the landlord and obtains a rent payment or a security
deposit from a tenant is a Class 1 felony if the rent
payment or security deposit obtained exceeds $10,000 and
does not exceed $100,000.
(11) Theft by deception, as described by paragraph
(2) of subsection (a) of this Section, in which the
offender falsely poses as a landlord or agent or employee
of the landlord and obtains a rent payment or a security
deposit from a tenant is a Class X felony if the rent
payment or security deposit obtained exceeds $100,000.
(c) When a charge of theft of property exceeding a
specified value is brought, the value of the property involved
is an element of the offense to be resolved by the trier of
fact as either exceeding or not exceeding the specified value.
(d) Theft by lessee; permissive inference. The trier of
fact may infer evidence that a person intends to deprive the
owner permanently of the use or benefit of the property (1) if
a lessee of the personal property of another fails to return
it to the owner within 10 days after written demand from the
owner for its return or (2) if a lessee of the personal
property of another fails to return it to the owner within 24

hours after written demand from the owner for its return and
the lessee had presented identification to the owner that
contained a materially fictitious name, address, or telephone
number. A notice in writing, given after the expiration of the
leasing agreement, addressed and mailed, by registered mail,
to the lessee at the address given by him and shown on the
leasing agreement shall constitute proper demand.

    (e) Permissive inference; evidence of intent that a person
obtains by deception control over property. The trier of fact
may infer that a person "knowingly obtains by deception
control over property of the owner" when he or she fails to
return, within 45 days after written demand from the owner,
the downpayment and any additional payments accepted under a
promise, oral or in writing, to perform services for the owner
for consideration of $3,000 or more, and the promisor
knowingly without good cause failed to substantially perform
pursuant to the agreement after taking a down payment of 10%
or more of the agreed upon consideration. This provision shall
not apply where the owner initiated the suspension of
performance under the agreement, or where the promisor
responds to the notice within the 45-day notice period. A
notice in writing, addressed and mailed, by registered mail,
to the promisor at the last known address of the promisor,
shall constitute proper demand.

    (f) Offender's interest in the property.

      (1) It is no defense to a charge of theft of property
that the offender has an interest therein, when the owner
also has an interest to which the offender is not
entitled.

      (2) Where the property involved is that of the
offender's spouse, no prosecution for theft may be
maintained unless the parties were not living together as
man and wife and were living in separate abodes at the
time of the alleged theft.

## *THE DOG WAS PROTECTED BY THE ADA & THE DEFENDANT'S TOOK THE DOG MAKING THIS THEFT OF A SEEING EYE DOG.* hapter 510. Animals

### Act 70. Humane Care for Animals Act (Refs & Annos)

### Sec. 4.03. Teasing, striking or tampering with police animals, service animals, or search and rescue dogs prohibited.

It shall be unlawful for any person to willfully and maliciously taunt, torment, tease, beat, strike, or administer or subject any desensitizing drugs, chemicals or substance to (i) any animal used by a law enforcement officer in the performance of his or her functions or duties, or when placed in confinement off duty, (ii) any service animal, (iii) any search and rescue dog, or (iv) any police, service, or search and rescue animal in training. It is unlawful for any person to interfere or meddle with (i) any animal used by a law enforcement department or agency or any handler thereof in the performance of the functions or duties of the department or agency, (ii) any service animal, (iii) any search and rescue dog, or (iv) any law enforcement, service, or search and rescue animal in training.

Any person convicted of violating this Section is guilty of a Class A misdemeanor. A second or subsequent violation is a Class 4 felony.

§ 4.04. Injuring or killing police animals, service animals, or search and rescue dogs prohibited.

It shall be unlawful for any person to willfully or maliciously torture, mutilate, injure, disable, poison, or kill (i) any animal used by a law enforcement department or agency in the performance of the functions or duties of the department or agency or when placed in confinement off duty, (ii) any service animal, (iii) any search and rescue dog, or (iv) any law enforcement, service, or search and rescue animal in training. However, a police officer or veterinarian may perform euthanasia in emergency situations when delay would cause the animal undue suffering and pain.

A person convicted of violating this Section is guilty of a Class 4 felony if the animal is not killed or totally disabled; if the animal is killed or totally disabled, the person is guilty of a Class 3 felony.

9. *PLAINTIFF'S NEVER ABUSED THERE ANIMAL DEFENDANT'S TOOK PLAINTIFF SEEING EYE DOG MAKING THIS THEFT AS LISTED ABOVE WHICH IS A CLASS 4 FELONY IF THE ANIMAL IS TAKING WHICH WAS & WILL BE PROVEN AGAIN MAKING THIS THEFT,*

10. *THAT DEFENDANTS COMMITTED AN ADA VIOLATION BY STEALING THE DOG FROM THE PLAINTIFF'S CAUSING HORRIBLE & MALICIOUS PAIN & SUFFERING THAT THE PLAINTIFF'S BEEN @ ST. JOHN'S HOSPITAL FOR OVER 2 WEEKS BECAUSE OF THIS SUCH HORRIBLE TREATMENT SO FOR THE FOLLOWING REASONS: PLAINTIFF'S PRAY TO THE COURTS THE FOLLOWING THAT THE DOG BE RETURNED TO THE PLAINTIFF, THAT THE DEFENDANTS BE CHARGED THE WAY THE JUDGE DEEMS APPROPRIATE, THAT PLAINTIFF'S RECEIVE 12 MILLION DOLLAR VERDICT FOR THE MALICIOUS & INHUMANE TREATMENT TO THE PLAINTIFF, THE COST OF A SEEING EYE DOG, & THE SLANDER THAT TOOK PLACE, THAT THE COURT CASE BE DROPPED. I'M FILING AN ANSWER AFTER THIS.*

**MICHEAL W. GRAGG,**

7/3/19 @ 2 pm

**DATE:**



# Docket detail for case 2019-CM-000590

## Overview

Case Number: 2019-CM-000590

Case Type: Criminal Misdemeanor

Judge:

Filing Date: 06/22/2019

Status:

Report:

## Plaintiffs

| Name | Attorney |
| --- | --- |
| State of Illinois | |

## Defendants

| Name | Attorney |
| --- | --- |
| MICHAEL W. GRAGG | |

## Events

| Date | Events |
| --- | --- |

| Date | Events |
|---|---|
| 06/22/2019 | Complaint 01 Count 001 CRUEL TREATMENT OF ANIMALS Jun 9, 2019 Defendant: MICHAEL W. GRAGG |
| | Statute 510 70/3.01 Class A Orig. |
| | Agency: CITY OF SPRINGFIELD Charge Instr: Complaint |
| | Notice of Hearing Notice To Appear Defendant: MICHAEL W. GRAGG Assistant State's Attorney: GAMBACH |
| | First Appearance Criminal Misdemeanor on Jul 10, 2019 at 1:30 PM in Courtroom 6C |
| | Complaint 02 Count 002 VIOLATION OF OWNERS DUTIES Jun 9, 2019 Defendant: MICHAEL W. GRAGG |
| | Statute 510 70/3 Class B Orig. |
| | Agency: CITY OF SPRINGFIELD Charge Instr: Complaint |
| | Notice of Hearing Notice To Appear Defendant: MICHAEL W. GRAGG Assistant State's Attorney: GAMBACH |
| | First Appearance Criminal Misdemeanor on Jul 10, 2019 at 1:30 PM in Courtroom 6C |

The information on this page is current as of 07/03/2019. This information is intended to be used as a resource to determine the general status of historical and in-process court cases. This information is not the official record of the court. As such, it should only be used to gain a general understanding of a case's history and disposition. Accordingly, the Clerk of the Circuit Court of Sangamon County, its officers, and employees are not responsible or liable for any loss, consequence, or damage resulting directly or indirectly from use of this information.