IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHEAL GRAGG, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 19-CV-3166<br>) |
| HUMANE SOCIETY OF CENTRAL ILLINOIS, | )<br>)<br>)<br>) |
| Defendant. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2). Plaintiff Micheal Gragg has not paid the filing fee but has filed an affidavit demonstrating he is unable to prepay fees or costs associated with filing this action. Therefore, the Application to Proceed in District Court Without Prepaying Fees or Costs is GRANTED.

This Court must dismiss any case brought in forma pauperis if the case fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because this Court lacks jurisdiction and

Plaintiff fails to state a claim, the Amended Complaint is dismissed with leave to replead.

## I. FACTUAL ALLEGATIONS

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted). The following facts come from the Amended Complaint.

In June 2019, Plaintiff was sitting at the McDonald's located at the intersection of 5th and South Grand with his seeing-eye-dog collie named Lassie. The Springfield Police Department approached Plaintiff, stole his dog, and threw Plaintiff on the ground. The police said they had a report of Plaintiff abusing his dog. Plaintiff alleges the police report states there was no evidence to take the dog, but the Humane Society of Central Illinois managed to file suit in Sangamon County with a court date of October 16. A public defender was appointed to represent Plaintiff.

Plaintiff also attached a copy of the docket of People v. Gragg, Sangamon County Case No. 2019-CM-590 to the Amended Complaint. This document shows that, on June 22, 2019, the State filed a criminal misdemeanor complaint against Plaintiff alleging cruel treatment of animals (510 ILCS 70/3.01) and violation of owner's duties (510 ILCS 70/3). The next court date is October 16, 2019. See also http://records.sangamoncountycircuitclerk.org/sccc/Home.sc (last visited August 6, 2019).

Plaintiff also attaches the police report to his amended complaint. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed.R.Civ.P. 10(c). The court can independently examine the document to form its own conclusions as to the proper construction and meaning to be given to the document and need not accept the plaintiff's allegations as to the effect of the document. Rosenblum v. Travelbuys.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002) (quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 2d, § 1327 at 766 (1990)).

The police report reflects that the officers received a call from a person sitting at the stoplight at 5th and South Grand who claims she saw Plaintiff hit and kick the dog. Plaintiff denied doing so.

The report states Plaintiff told the officer the dog did not have its shots yet, that he did not have food or water with him, and that he did not have shelter for the dog because he was homeless.

The report indicates that officers informed Jill Egizii—president of Wild K9 Rescue and a Humane Investigator with the Department of Agriculture—and another person, whose name is redacted, that the officers "did not have enough" to take the dog because the dog showed no obvious signs of injury. Police Report at 3 (d/e 6) Jill stated she could take the dog for not having food and water. The dog was left in the care of "Jill and [redacted]."

Plaintiff alleges:

(1) he was falsely imprisoned and falsely arrested or detained

(2) that Defendant slandered him due to the lawsuit because he is innocent

(3) Defendant harassed Plaintiff by following his every move so they could steal his dog

(4) Defendant committed cruel and unusual treatment in violation of the Eighth Amendment by how Defendant stole his dog

(5) Defendant committed theft

(6) Defendant committed unlawful restraint

Plaintiff seeks $1 million because of the severity of the case and another $50,000 for pain and suffering.  Plaintiff has filed a separate case against the City of Springfield in this Court, Case No. 19-cv-3167.

### III. ANALYSIS

The Court considers whether Plaintiff has stated a claim under 42 U.S.C. § 1983 for a violation of the Fourth or Eighth Amendments based on the allegations of false arrest and cruel and unusual treatment.  To bring a § 1983 claim, Plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation was committed by a person acting under color of law.  Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009).

Defendant is a not-for-profit corporation.  See Corporate File Detail Report See https://www.ilsos.gov/corporatellc/CorporateLlcController (last visited August 6, 2019); see Palay v. United States, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (district court is entitled to take judicial notice of matters in the public record); Fed. R. Evid. 201 (providing

that a court may take judicial notice of a fact not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Defendant's website identifies Defendant as an animal welfare organization that does not receive federal, state, or local tax dollars. See www.hscipets.org/missionstatement.htm (last visited August 6, 2019). Defendant is a private entity and not a state actor. Because a § 1983 claim requires that the deprivation be committed by a person acting under color of law, Plaintiff fails to state a § 1983 claim against Defendant.

Plaintiff's remaining claims are state claims. Without a federal claim, the Court will not exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3) (court can decline to exercise supplemental jurisdiction over a state claim if the district court dismisses all claims over which it has original jurisdiction); Anderson v. Aon Corp., 614 F.3d 361, 365 (7th Cir. 2010).

Plaintiff cannot otherwise bring the state claims in federal court because Plaintiff has not satisfied the requirements of diversity jurisdiction. To invoke diversity jurisdiction, Plaintiff must present a claim between parties of diverse citizenship that exceeds

$75,000. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). The allegations of the Amended Complaint suggest that both Plaintiff and Defendant are citizens of Illinois. Therefore, the Court does not have independent jurisdiction over Plaintiff's state law claims.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is GRANTED.

(2) Plaintiff's Amended Complaint is DISMISSED without prejudice for failure to state a claim and lack of jurisdiction. Plaintiff is granted leave to file a Second Amended Complaint on or before August 26, 2019. Plaintiff is advised that an amended complaint supersedes the original complaint. The amended complaint must stand on its own without reference to any previous pleading. If Plaintiff chooses not to amend his complaint and to file the state law claims in state court, the Court will close this case.

(3) Plaintiff's Motion for Subpoena (d/e 4) is DENIED AS MOOT.

ENTERED: August 6, 2019

FOR THE COURT:

                                            s/*Sue E. Myerscough*
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE